UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| OAK LEAF OUTDOORS, INC. an Illinois corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DOUBLE DRAGON INTERNATIONAL, INC., an Iowa corporation, d/b/a DDI, INC.,<br><br>Defendant. | No. 1:11-cv-01175-MMM-JAG |

**Defendant Double Dragon International Inc.'s Memorandum in Opposition to Oak Leaf Outdoors Inc.'s Motion to Dismiss/Strike Double Dragon International Inc.'s Motion for a Preliminary Injunction**

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
Christopher W. Madel (MN Reg. No. 230297)
Barry M. Landy (MN Reg. No. 391307)
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015

JOHNSON & BELL LTD.
H. Patrick Morris (IL State Bar No. 6187083)
33 West Monroe St., Suite 2700
Chicago, IL 60603-5404

*Attorneys for Defendant*
*Double Dragon International, Inc.*

This Court has jurisdiction to enter a preliminary injunction against Oak Leaf under Federal Rule of Civil Procedure 65 and the general equitable powers of the court. *Star Ins. Co. v. Risk Marketing Grp., Inc.*, 507 F. Supp. 2d 942, 946 (N.D. Ill. 2007). Courts have "full authority and discretion to determine the proprietary and scope of any injunction." *Steadfast Ins. Co. v. Auto Marketing Network, Inc. et al.*, No. 97 C 5696, 1998 U.S. Dist. LEXIS 20286, at *34 (N.D. Ill. Dec. 22, 1998); *see also In re Uranium Antitrust Litig.*, 617 F.2d 1248, 1259 (7th Cir. 1980). Illinois courts have specifically held that where all the elements necessary to establish a right to injunctive relief are satisfied "the Court possesses authority under Rule 65" to enter such an injunction. *Steadfast Ins. Co.*, 1998 U.S. Dist. LEXIS 20286, at *57. Indeed, the court specifically holds this power "in a case seeking [breach of contract] money damages that would aid in preserving assets against which the plaintiff may recover if it prevails on the merits at trial." *Id.*

Oak Leaf's argument that this Court lacks jurisdiction to grant DDI a preliminary injunction rests on its assertion that DDI did not allege any equitable claims in this case. (*See* Oak Leaf's Motion to Dismiss, p. 5, ¶ 13) ("DDI's Counterclaim states no cause of action for any type of equitable relief. Instead, it seeks purely monetary damages based on an alleged breach of contract and there is no authority to issue a preliminary injunction preventing OAK LEAF from disposing of assets pending adjudication of DDI's contract claim for money damages.").

This is simply not true. DDI alleged a promissory estoppel claim. (Counterclaim. ¶¶ 91-95, Dkt. No. 15.) Promissory estoppel is an equitable claim. *See, e.g., Safeguard Business Sys. v. Reed-Rite, Inc.*, No. 90 C 1147, 1994 U.S. Dist. LEXIS 17410, at *28 (N.D. Ill. Dec. 7, 1994) (noting promissory estoppel is "equitable claim"). DDI also alleged an unjust-enrichment claim. (*Id.* ¶¶ 86-90.) Unjust-enrichment is an equitable claim. *See, e.g., Lakeshore Decaro v. M. Felix,*

1

*Inc.*, 371 Ill. App. 3d 1103, 1110 (2007) (stating unjust enrichment is an "equitable claim"). And DDI alleged a claim for injunctive relief in the form of a constructive trust and escrow account. (Counterclaim ¶¶ 96-101, Dkt. No. 15.) Thus, the key support to Oak Leaf's motion—namely, that DDI has not alleged equitable claims—is without merit.

Once it is revealed that DDI in fact raised equitable claims, the basis for Oak Leaf's motion crumbles. First, it undermines Oak Leaf's reliance on the United States Supreme Court decision in *Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund,* 527 U.S. 308 (1999), as that case "did not concern the preliminary relief available in a suit seeking an equitable remedy." *Lorillard Tobacco Co. v. Montrose Wholesale Candies and Sundries, Inc.*, No. 03 C 4844, 2005 U.S. Dist. LEXIS 28917, at *44 (N.D. Ill. Nov. 8, 2005) (citing *Grupo Mexicano*, 527 U.S. at 325). Because DDI alleged three equitable claims in its counterclaim, *Grupo* is inapplicable.

Second, the fact that DDI seeks equitable relief also impairs Oak Leaf's reliance on *DeBeers Consol. Mines v. Societe Internationale Forestiere*, 325 U.S. 212, 219 (1945) and Federal Rule of Civil Procedure 64. Oak Leaf contends that DDI cannot obtain a preliminary injunction because it is actually seeking an improper attachment of property. But where a party seeks more than monetary relief, the action does not resemble prejudgment attachment. *Leiser v. Swagat Group, LLC*, 2008 U.S. Dist. LEXIS, at *4 (C.D. Ill. May 23, 2008); *c.f. Franz v. Calaco Devel. Corp.*, 322 Ill App. 3d 941, 948 (Ill. Ct. App. 2001) ("Because the only relief requested by plaintiff is monetary, injunctive relief is inappropriate and resembles a prejudgment attachment."). DDI's motion for a preliminary injunction is not equivalent to a motion for prejudgment attachment because DDI requested both monetary and equitable relief in its counterclaims. Regardless, Federal Rule of Civil Procedure 64 does not apply to a request for a preliminary injunction

because "[w]hile it is true that the asset freeze has an effect comparable to that of an attachment, it is not an attachment." *FTC v. H. N. Singer, Inc.*, 668 F.2d 1107, 1109 (9th Cir. 1982).

DDI has more than proven its need for a preliminary injunction. Oak Leaf has failed to present any evidence that it will be able to pay a judgment at the conclusion of this suit. Moreover, DDI is likely to succeed on the merits of the claims, the balance of equities favor granting a preliminary injunction, and the public interest supports DDI's motion. This Court has the authority to enter a preliminary injunction against Oak Leaf under Federal Rule of Civil Procedure 65 and the general equitable powers of the court. Oak Leaf's assertion that this Court lacks such jurisdiction is wholly undermined by the fact that DDI asserted three independent bases for equitable relief in its counterclaim.

Dated this 20th day of July, 2011.

**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

By:   s/*Barry Landy*
    Christopher W. Madel
    MN Reg. No. 387745
    Barry M. Landy
    MN Reg. No. 391307

    2800 LaSalle Plaza
    800 LaSalle Avenue
    Minneapolis, MN 55402-2015
    Telephone: 612-349-8500
    Facsimile: 612-339-4181
    E-mail: cwmadel@rkmc.com
    E-mail: bmlandy@rkmc.com

    H. Patrick Morris
    IL State Bar No. 6187083

**JOHNSON & BELL LTD.**
33 West Monroe Street, Suite 2700
Chicago, IL 60603-5404
Telephone: 312-372-0770
Facsimile: 312-372-9818
E-mail: morrisp@jbltd.com

*Attorneys for Defendant*
*Double Dragon International, Inc.*

## Certificate of Service

I hereby certify that on July 20, 2011, I electronically filed Defendant Double Dragon International Inc.'s Response to Oak Leaf Outdoors Inc.'s Motion to Dismiss/Strike Double Dragon International Inc.'s Motion for a Preliminary Injunction using the CM/ECF system which will automatically send email notification of such filing to the following counsel of record who are CM/ECF participants:

Timothy J. Cassidy
CASSIDY & MUELLER
416 Main Street, Suite 323
Peoria, IL 61602
E-mail: tcassidy@cassidymueller.com

Christopher William Madel
ROBINS KAPLAN MILLER & CIRESI, L.L.P.
2800 LaSalle Plaza
800 LaSalle Ave
Minneapolis, MN 55402-2015
E-mail: cwmadel@rkmc.com

H. Patrick Morris
JOHNSON & BELL LTD.
33 West Monroe Street, Suite 2700
Chicago, IL 60603-5404
E-mail: morrisp@jbltd.com

Barry M. Landy
ROBINS KAPLAN MILLER & CIRESI, L.L.P.
2800 LaSalle Plaza
800 LaSalle Ave
Minneapolis, MN 55402-2015
E-mail: bmlandy@rkmc.com

David F. Fanning
JOHNSON & BELL LTD.
33 West Monroe Street, Suite 2700
Chicago, IL 60603-5404
E-mail: fanningd@jbltd.com
Johnson & Bell, Ltd.

By: /s/ <u>Barry M. Landy</u>
Barry M. Landy
ROBINS KAPLAN MILLER &
CIRESI, L.L.P.
2800 LaSalle Plaza
800 LaSalle Ave
Minneapolis, MN 55402-2015
E-mail: bmlandy@rkmc.com

82364453.1