UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| OAK LEAF OUTDOORS, INC. an Illinois corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DOUBLE DRAGON INTERNATIONAL, INC., an Iowa corporation, d/b/a DDI, INC.,<br><br>Defendant. | No. 1:11-cv-01175-MMM-JAG |

**Defendant Double Dragon International Inc.'s Memorandum of Law Providing Additional Authority in Opposition to Plaintiff Oak Leaf Outdoor Inc.'s Motion to Dismiss/Strike Double Dragon International Inc.'s Motion for a Preliminary Injunction**

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
Christopher W. Madel (MN Reg. No. 230297)
Barry M. Landy (MN Reg. No. 391307)
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015

JOHNSON & BELL LTD.
H. Patrick Morris (IL State Bar No. 6187083)
33 West Monroe St., Suite 2700
Chicago, IL 60603-5404

*Attorneys for Defendant*
*Double Dragon International, Inc.*

**TABLE OF CONTENTS**

<u>**Page**</u>

Introduction ............................................................................................................................. 1

I.   The Court has Authority to Enter a Preliminary Injunction Where A
     Plaintiff Seeks Equitable Relief in Addition to Money Damages ................... 1

II.  The Court has the Authority to Grant a Preliminary Injunction in
     this Case because DDI Seeks Equitable Relief ..................................................... 5

     1.   DDI seeks equitable relief because it has no adequate remedy
          at law ............................................................................................................... 5

     2.   DDI's claim for a constructive trust requests an equitable
          remedy. ........................................................................................................... 6

Conclusion ............................................................................................................................... 7

# TABLE OF AUTHORITIES

**I. The Court has Authority to Enter a Preliminary Injunction Where A Plaintiff Seeks Equitable Relief in Addition to Money Damages.**

<u>Cases</u>                                                                                                  <u>Page</u>

*Adelphia Communs. Corp. v. Rigas*,
   No. 02-cv-8495, 2003 U.S. Dist. LEXIS 9349 (S.D.N.Y. June 3, 2003) .................................. 4

*Adelphia Communs. Corp. v. Rigas*,
   325 B.R. 345 (Bankr. S.D.N.Y. 2005) ...................................................................................... 4

*Animale Grp., Inc. v. Sun-NY's Perfume, Inc.*,
   256 Fed. Appx. 707 (5th Cir. 2007) .......................................................................................... 3

*Concheck v. Barcroft*,
   No. 10 CV 656, 2010 U.S. Dist. LEXIS 110325 (S.D. Ohio Oct. 18, 2010) .......................... 4

*CSC Holdings, Inc. v. Redisi*,
   309 F.3d 988 (7th Cir. 2002) ............................................................................................ 1, 2, 3

*Deckert v. Independence Shares Corp.*,
   311 U.S. 282 (1940) .............................................................................................................. 1, 3

*Grupo Mexicano Desarrollo, S.A. v. Alliance Bonds Fund, Inc.*,
   527 U.S. 308 (1999) ......................................................................................................... 1, 2, 3, 4

*In re Focus Media, Inc.*,
   387 F.3d 1077 (9th Cir. 2004) .................................................................................................. 4

*Jrna, Inc. v. Snow*,
   No. 07-cv-01995, 2007 U.S. Dist. LEXIS 56585 (E.D. Pa. Aug. 2, 2007) ............................ 4

*Lorillard Tobacco Co. v. Montrose Wholesale Candies & Sundries, Inc.*,
   No. 03-cv-4844, 2005 U.S. Dist. LEXIS 28917 (N.D. Ill. Nov. 8, 2005) ................................ 2

*SEC v. ETS Payphones, Inc.*,
   408 F.3d 727 (11th Cir. 2005) .................................................................................................. 4

*Travelers Casualty & Surety Co. v. Wells Fargo Bank, NA*,
   No. 09 CV 501, 2009 U.S. Dist. LEXIS 115827 (N.D. Ind. Dec. 9, 2009) ............................ 2

*United States ex rel Rahman v. Oncology Associates*,
   198 F.3d 489 (4th Cir. 1999) ................................................................................................ 2, 3

**II. The Court has the Authority to Grant a Preliminary Injunction in this Case because DDI Seeks Equitable Relief.**

   **1. DDI seeks equitable relief because it has no adequate remedy at law.**

*Cases*                                                                                                  *Page*

*Am. Hosp. Supply Corp. v. Hosp. Prod. Ltd.*,
   780 F.2d 589 (7th Cir. 1986) .................................................................................... 5

*Interpoint Corp. v. Truck World, Inc.*,
   656 F. Supp. 114 (N.D. Ind. 1986) ............................................................................. 6

*Roland Mach. Co. v. Dresser Indus., Inc.*,
   749 F.2d 380 (7th Cir. 1984) .................................................................................... 5

*Signode Corp. v. Weld-Loc Sys., Inc.*,
   700 F.2d 1108 (7th Cir. 1983) .................................................................................. 5

*Steadfast Ins. Co., Inc. v. Auto Mkt. Network, Inc.*,
   No. 97-cv-5659, 1998 U.S. Dist. LEXIS 20286 (N.D. Ill. Dec. 22, 1998) ............................. 6

*United States v. Hydroaire, Inc.*,
   No. 94-cv-4414, 1995 U.S. Dist. LEXIS 2306 (N.D. Ill. Feb 27, 1995) ................................ 5

*Other Authorities*

Laycock, D., *The Death of the Irreparable Injury Rule,* 103 Harv. L. Rev. 687 (1990) ............. 5

   **2. DDI's claim for a constructive trust requests an equitable remedy.**

*Cases*                                                                                                  *Page*

*Global Tech. & Trading, Inc. v. Satyam Comp. Servs.*,
No. 09 CV 5111, 2011 U.S. Dist LEXIS 8292 (N.D. Ill. Jan. 28, 2011) ........................................ 6

*Martin v. Heinold Commodities, Inc.*,
643 N.E.2d 734 (Ill. 1994) ............................................................................................................. 6

*People ex rel. Daley for Use of Cook County v. Warren Motors, Inc.*,
483 N.E.2d 427 (Ill. App. Ct. 1985) ........................................................................................... 6, 7

*United States ex rel Rahman v. Oncology Associates*,
198 F.3d 489 (4th Cir. 1999) .......................................................................................................... 7

## Introduction

The Court has jurisdiction to grant Double Dragon International, Inc.'s ("DDI") motion for a preliminary injunction to create a constructive trust or freeze Oak Leaf Outdoors, Inc.'s ("Oak Leaf") assets pending a final determination of this case on the merits because DDI seeks equitable relief in addition to money damages. DDI's counts qualify as equitable relief because DDI has no adequate remedy at law and because DDI's request for a constructive trust is an equitable remedy. Accordingly, the Court has the authority to grant DDI's preliminary injunction motion.

## I.   The Court has Authority to Enter a Preliminary Injunction Where A Plaintiff Seeks Equitable Relief in Addition to Money Damages.

Well-established Supreme Court precedent dictates that a district court has the power to issue a preliminary injunction enjoining a defendant from transferring a fixed sum where the plaintiff has alleged "some equitable relief" and the defendant is insolvent. *Deckert v. Independence Shares Corp.*, 311 U.S. 282, 289 (1940). In these instances, an injunction is a "reasonable measure to persevere the status quo pending final determination of the questions raised." *Id.*

The Supreme Court has since revisited the issues raised in *Deckert*, but has not altered the holding in that case. Specifically, in *Grupo Mexicano Desarrollo, S.A. v. Alliance Bonds Fund, Inc.*, 527 U.S. 308 (1999), the Court clarified that preliminary injunctions freezing assets would be precluded where the plaintiff alleged solely monetary claims, but it specifically held that such injunctions were proper where a plaintiff sought equitable relief in addition to money damages. *Id.* at 333.

The Seventh Circuit, in *CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 996 (7th Cir. 2002), held that a district court has the authority to preliminarily enjoin a

defendant by freezing its assets where the plaintiff seeks money damages as well as equitable relief in the alternative. In that case, the plaintiff sued for actual and statutory damages and included alternative equitable counts in its complaint. *Id.* The Seventh Circuit held that the preliminary injunction was proper because the plaintiff had alternatively "sought equitable relief" in the form of a constructive trust. *Id.* at 996. According to the Seventh Circuit, *Grupo Mexicano* did not preclude the district court's grant of a preliminary injunction because *Grupo Mexicano* only prohibited "an injunction freezing assets in an action for money damages where *no equitable interest [was] claimed*." *Id.* (emphasis supplied).

District Courts in this Circuit have relied on *CSC Holdings* as authority to grant a preliminary injunction freezing assets where equitable relief has been pled, even if the plaintiff has primarily sought money damages. *See, e.g.*, *Travelers Casualty & Surety Co. v. Wells Fargo Bank, NA*, No. 09 CV 501, 2009 U.S. Dist. LEXIS 115827, at *7 (N.D. Ind. Dec. 9, 2009); *Lorillard Tobacco Co. v. Montrose Wholesale Candies & Sundries, Inc.*, No. 03-cv-4844, 2005 U.S. Dist. LEXIS 28917, at *44-48 (N.D. Ill. Nov. 8, 2005). For instance, in *Travelers Casualty & Surety Co.*, the plaintiff sued for breach of contract, breach of fiduciary duty, civil and criminal conversion, unjust enrichment, and imposition of a constructive trust. *Id.* at *7. The district court in *Travelers Casualty & Surety Co.* determined that it had the authority to grant a preliminary injunction asset freeze under *Grupo Mexicano* and *CSC Holdings*, even though the "dispute [was] essentially over identifiable and easily calculable money damages," because the plaintiff had sought "claims for equitable relief," such as unjust enrichment and constructive trust. *Id.* at *10-11 n.2.

*United States ex rel Rahman v. Oncology Associates*, 198 F.3d 489, 494-99 (4th Cir. 1999), also authorizes a district court to enter a preliminary injunction asset freeze in a factual context that is analogous to the instant action. In *Oncology*

*Associates*, the plaintiff's complaint "demand[ed] damages in most of the eight counts," while also asserting equitable claims of unjust enrichment and constructive trust. *Id.* at 497. The court in *Oncology Associates* determined *Grupo Mexicano* would not preclude a preliminary injunction because the Supreme Court there had not been presented with, "nor did it choose to address, a situation in which equitable remedies were claimed." *Id.* Because the plaintiff in *Oncology Associates* had asserted equitable claims for unjust enrichment and constructive trust a preliminary injunction was permitted. *Id.* In permitting the preliminary injunction in *Oncology Associates*, the court specifically distinguished *Grupo Mexicano*, stating:

> It is clear that this case does not present the pure money damage claim addressed in *Grupo Mexicano*. On the contrary, its equitable claims fall squarely within the traditional equity powers recognized by *Grupo Mexicano*, *De Beers*, and *Deckert*. That money damages are claimed along with equitable relief does not defeat the district court's equitable powers. Under modern pleading rules, claims in law and equity may be asserted in a single civil action, see Fed. R. Civ. P. 2, and relief may be demanded in such an action "in the alternative or of several different types," Fed. R. Civ. P. 8(a).

*Id.* at 498-99.

The Seventh Circuit in *CSC Holdings*, as well as the Fourth Circuit in *Oncology Associates*, is not alone in allowing preliminary injunctions in situations analogous to the present case. Courts routinely permit preliminary injunction asset freezes where the plaintiff seeks equitable relief, such as unjust enrichment or constructive trust, as well as money damages. *See, e.g., Animale Grp., Inc. v. Sun-NY's Perfume, Inc.*, 256 Fed. Appx. 707, 709 (5th Cir. 2007) (finding that "the district court was authorized to preserve the status quo by entering a limited asset freeze" because the plaintiff had asserted claims for damages as well as

"equitable relief"); *SEC v. ETS Payphones, Inc.*, 408 F.3d 727, 734 (11th Cir. 2005) (holding that "in cases involving equitable relief, even where money damages are also claimed, *Deckert* controls."); *In re Focus Media, Inc.*, 387 F.3d 1077, 1084-85 (9th Cir. 2004) (upholding a decision to issue a preliminary injunction freezing assets to preserve defendant's assets in an action alleging legal and equitable claims, such as constructive trust); *Concheck v. Barcroft*, No. 10 CV 656, 2010 U.S. Dist. LEXIS 110325, at *5-7 (S.D. Ohio Oct. 18, 2010) (holding that "while several of the Plaintiff's claims call for money damages . . . claims for unjust enrichment are equitable in nature, preliminary injunctive relief freezing assets subject to the unjust enrichment claim would not run afoul of *Grupo Mexicano*."); *Jrna, Inc. v. Snow*, No. 07-cv-01995, 2007 U.S. Dist. LEXIS 56585, at *8 (E.D. Pa. Aug. 2, 2007) (holding that *Grupo Mexicano* was inapplicable because the plaintiff "seeks an injunction now so that the constructive trust ultimately sought will have value."); *Adelphia Communs. Corp. v. Rigas*, No. 02-cv-8495, 2003 U.S. Dist. LEXIS 9349, at *13-14 (S.D.N.Y. June 3, 2003) (holding that *Grupo Mexicano* is inapplicable because plaintiff seeks a constructive trust in addition to monetary damages); *Adelphia Communs. Corp. v. Rigas*, 323 B.R. 345, 359 n.18 (Bankr. S.D.N.Y. 2005) ("[C]ourts have repeatedly (and uniformly, to date) held *Grupo Mexicano* is inapplicable where plaintiffs seeking . . . [asset freezing injunctions] have also made equitable claims.").

Accordingly, the Court has authority to grant a preliminary injunction freezing assets pending resolution of the case on the merits where an equitable claim in addition to a legal claim has been sought.

## II. The Court has the Authority to Grant a Preliminary Injunction in this Case because DDI Seeks Equitable Relief.

DDI has adequately pled equitable relief because it does not have a satisfactory remedy at law and because its claim for a constructive trust is equitable in nature.

### 1. DDI seeks equitable relief because it has no adequate remedy at law.

DDI's requested relief is equitable in nature because DDI has no adequate remedy at law. DDI does not have an adequate remedy at law because Oak Leaf's insolvency will foreclose any ability for DDI to collect a judgment at the conclusion of this suit. Indeed, "[d]amages are no remedy at all if they cannot be collected, and most courts sensibly conclude that a damage judgment against an insolvent defendant is an inadequate remedy." Douglas Laycock, *The Death of the Irreparable Injury Rule,* 103 Harv. L. Rev. 687, 716 (1990). In situations where plaintiff will be unable to collect damages at the conclusion of the suit, a court may grant equitable relief because there has been a showing that no adequate remedy at law exists. *United States v. Hydroaire, Inc.*, No. 94-cv-4414, 1995 U.S. Dist. LEXIS 2306, at *16 (N.D. Ill. Feb 27, 1995) (internal citation omitted).

In *Roland Mach. Co. v. Dresser Indus., Inc.*, 749 F.2d 380, 386 (7th Cir. 1984), the court found that "an award of damages at the end of trial" is insufficient where it will be "seriously deficient as a remedy for the harm suffered." The court concluded that a damage remedy is inadequate where, among other reasons, it will be "unobtainable from the defendant because he may become insolvent before a final judgment can be entered." *Id.*; *see also, e.g., Am. Hosp. Supply Corp. v. Hosp. Prod. Ltd.*, 780 F.2d 589, 596 (7th Cir. 1986); *Signode Corp. v. Weld-Loc Sys., Inc.*, 700 F.2d 1108, 1111 (7th Cir. 1983). Other district courts in this Circuit similarly find that no adequate remedy at law exists where the

defendant's insolvency will make it unable to pay a judgment at the conclusion of the suit. *See, e.g.*, *Steadfast Ins. Co., Inc. v. Auto Mkt. Network, Inc.*, No. 97-cv-5659, 1998 U.S. Dist. LEXIS 20286, at *33 (N.D. Ill. Dec. 22, 1998); *Interpoint Corp. v. Truck World, Inc.*, 656 F. Supp. 114, 117 (N.D. Ind. 1986).

For reasons stated in DDI's Memorandum of Law in Support of its Motion for a Preliminary Injunction, Oak Leaf is insolvent under the Illinois Commercial Code or any other insolvency definition. (Dkt. No. 29, pp. 17-20.) Oak Leaf did not substantively dispute that it was insolvent in its briefs or at oral argument. (*See* Dkt. Nos. 31, 33.) Accordingly, DDI has no adequate remedy at law and the Court must use its equitable powers to address the harms suffered by DDI.

**2.      DDI's claim for a constructive trust requests an equitable remedy.**

DDI seeks the equitable relief of a constructive trust to compensate for its unjust enrichment claim. Unjust enrichment applies where the defendant has "unjustly retained a benefit to the plaintiff's detriment, and that defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience." *Global Tech. & Trading, Inc. v. Satyam Comp. Servs.*, No. 09 CV 5111, 2011 U.S. Dist LEXIS 8292, at *9 (N.D. Ill. Jan. 28, 2011) (internal citations omitted). Under Illinois law, a constructive trust may be used to prevent a party from wrongfully maintaining *profit*s that it obtained through unjust enrichment. *See, e.g.*, *People ex rel. Daley for Use of Cook County v. Warren Motors, Inc.*, 483 N.E.2d 427, 431 (Ill. App. Ct. 1985); *see also Martin v. Heinold Commodities, Inc.*, 643 N.E.2d 734, 745 (Ill. 1994).

The remedy of a constructive trust is maintainable in all cases where a person has received money or property that, in equity and good conscience, he ought not to be allowed to retain. *Warren Motors, Inc.*, 483 N.E.2d at 431. "The particular circumstances in which equity will impress a constructive trust are as

numberless as the modes by which property may be obtained through bad faith and unconscientious acts." *Id.* Indeed, a constructive trust "remains an equitable remedy even though it might ultimately reach a fund of money." *Oncology Assocs.*, 198 F.3d at 498 (internal citation omitted).

DDI appropriately seeks a constructive trust in this case to compensate for Oak Leaf's unjust enrichment. DDI arranged for the manufacturing and delivery of approximately $2.3 million in goods for Oak Leaf. While DDI repossessed some of these products, Oak Leaf has retained or sold approximately $806,000 in products without payment to DDI. Oak Leaf's continued possession of these profits from the sale of the goods is unjust. To the extent Oak Leaf still has products created pursuant to its agreement with DDI, Oak Leaf's continued possession of these products is unjust. Moreover, Oak Leaf's refusal to allow DDI to sell goods that it diverted and repossessed from Oak Leaf is unjust because it is foreclosing DDI's ability to collect any money from products specifically manufactured for Oak Leaf.

DDI's request for a constructive trust is equitable in nature because DDI is specifically requesting a constructive trust on the profits and assets that Oak Leaf obtained from the sale of goods that it has not paid for under its agreement with DDI. The Court, under its equitable powers, has the authority to grant a constructive trust over these assets currently in Oak Leaf's possession by creating an escrow or freezing Oak Leaf's profits related to these assets pending a trial on the merits of this case.

## Conclusion

For the foregoing reasons, the Court has the authority to order a constructive trust or freeze Oak Leaf's assets.

Dated this 29th day of July, 2011.

        **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

By:   s/*Barry Landy*
      Christopher W. Madel
      MN Reg. No. 387745
      Barry M. Landy
      MN Reg. No. 391307

      2800 LaSalle Plaza
      800 LaSalle Avenue
      Minneapolis, MN 55402-2015
      Telephone: 612-349-8500
      Facsimile: 612-339-4181
      E-mail: cwmadel@rkmc.com
      E-mail: bmlandy@rkmc.com

      H. Patrick Morris
      IL State Bar No. 6187083
      **JOHNSON & BELL LTD.**
      33 West Monroe Street, Suite 2700
      Chicago, IL 60603-5404
      Telephone: 312-372-0770
      Facsimile: 312-372-9818
      E-mail: morrisp@jbltd.com

      *Attorneys for Defendant*
      *Double Dragon International, Inc.*

## Certificate of Service

I hereby certify that on July 29, 2011, I electronically filed Defendant Double Dragon International Inc.'s Memorandum of Law Providing Additional Authority in Opposition to Plaintiff Oak Leaf Outdoor Inc.'s Motion to Dismiss/Strike Double Dragon International Inc.'s Motion for a Preliminary Injunction using the CM/ECF system which will automatically send email notification of such filing to the following counsel of record who are CM/ECF participants:

Timothy J. Cassidy
CASSIDY & MUELLER
416 Main Street, Suite 323
Peoria, IL 61602
E-mail: tcassidy@cassidymueller.com

Christopher William Madel
ROBINS KAPLAN MILLER & CIRESI, L.L.P.
2800 LaSalle Plaza
800 LaSalle Ave
Minneapolis, MN 55402-2015
E-mail: cwmadel@rkmc.com

H. Patrick Morris
JOHNSON & BELL LTD.
33 West Monroe Street, Suite 2700
Chicago, IL 60603-5404
E-mail: morrisp@jbltd.com

Barry M. Landy
ROBINS KAPLAN MILLER & CIRESI, L.L.P.
2800 LaSalle Plaza
800 LaSalle Ave
Minneapolis, MN 55402-2015
E-mail: bmlandy@rkmc.com

David F. Fanning
JOHNSON & BELL LTD.
33 West Monroe Street, Suite 2700
Chicago, IL 60603-5404
E-mail: fanningd@jbltd.com
Johnson & Bell, Ltd.

By: /s/ <u>Barry M. Landy</u>
Barry M. Landy
ROBINS KAPLAN MILLER & CIRESI, L.L.P.
2800 LaSalle Plaza
800 LaSalle Ave
Minneapolis, MN 55402-2015
E-mail: bmlandy@rkmc.com

82372811.2