UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| OAK LEAF OUTDOORS, INC., an Illinois corporation, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) No. 1:11-cv-01175-MMM-JAG ) ) |
| DOUBLE DRAGON INTERNATIONAL, INC., an Iowa corporation, d/b/a DDI, INC., | ) ) ) |
| Defendant. | ) ) |

**PLAINTIFF, OAK LEAF OUTDOORS, INC.'S, RESPONSE TO DDI'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO DISMISS/ STRIKE MOTION FOR PRELIMINARY INJUNCTION**

**ARGUMENT**

**Prejudgment Freeze of Assets is Prohibited Under FRCP 64**

OAK LEAF incorporates herein its position that Rule 64 of the Federal Rules of Civil Procedure controls any prejudgment remedy sought by DDI; that any such remedy is available only under Illinois law; and Illinois law prohibits a prejudgment freeze of assets.

DDI has failed to submit any authority rebutting this position or addressing the issue whatsoever.

**A Preliminary Injunction Freezing Oak Leaf's Assets is not Authorized Absent a Nexus Between the Assets Sought to be Frozen in the Ultimate Relief Requested in the Counterclaim**

DDI's Memorandum of Law in Opposition to the Motion to Dismiss/Strike Motion for Preliminary Injunction provides no new authority or argument that it did not previously present prior to the court's indication that it would grant the Motion to Dismiss/Strike Motion for Preliminary Injunction.

DDI attempts to distinguish the Supreme Court's holding in *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.,* 527 U.S. 308 (1999), by arguing that its Counterclaim seeks "equitable relief" and not just monetary damages. This argument was presented prior to and at the July 21st hearing and is rehashed in the Memorandum of Law in Opposition to the Motion to Dismiss/Strike Motion for Preliminary Injunction. In response, OAK LEAF OUTDOORS, INC. directs the court's attention and

incorporates herein its Reply to DDI's Memorandum in Opposition to Motion to Dismiss/Strike Motion for Preliminary Injunction previously filed herein as Document #33.

DDI in its Memorandum (Doc. #34) relies on *U.S. ex. rel. Rahman v. Oncology Associates*, 198 F. 3d 489 (4th Cir. 1999) in support of its position that *Grupo Mexicano* does not preclude a preliminary injunction because it is seeking equitable remedies. First, DDI is not seeking equitable *remedies*, it is merely alleging equitable claims seeking purely monetary damages. Second, *Oncology Associates* does not support DDI's argument. In *Oncology Associates*, the court in discussing *Grupo Mexicano's* holding correctly held that a District Court has no power to issue a preliminary injunction preventing the defendant from transferring assets in which "*no lien or equitable interest is claimed*" (emphasis by court), noting that for such an injunction to be issued there must be a "nexus between the assets sought to be frozen through an interim order and the ultimate relief requested in the lawsuit..." *Oncology Associates, supra* at 496-97.

In *Oncology Associates*, the claim was imposition of a constructive trust over assets obtained through fraud and the request for injunctive relief was specifically targeted to the preservation of the assets allegedly fraudulently obtained. The court held that "to impose a constructive trust over assets obtained through fraud requires preservation of the assets, and to be able to avoid fraudulent transfers of assets obtained through fraud likewise requires that those assets be preserved". *Oncology Associates, supra* at 498. DDI is not seeking any equitable relief nor constructive trust with respect to any specific assets obtained by fraud or other improper means. It is merely seeking relief in the form of monetary damages for alleged breach of contract as is plain in its Counterclaim.

Count IV of DDI's Counterclaim seeks injunctive relief asking that the court impose a constructive trust "of DDI's anticipated damages". It is not seeking a constructive trust over any specific assets of OAK LEAF OUTDOORS, INC. and Count IV of the Counterclaim seeking a constructive trust is nothing more than the relief sought in its Motion for Preliminary Injunction, which should be stricken or denied. DDI's request to freeze OAK LEAF's assets to preserve the ability to collect its "anticipated damages" is what was prohibited in *Grupo Mexicano*.

Many of the cases cited by DDI in support of a Preliminary Injunction pre-date the Supreme Court's 1999 decision in *Grupo Mexicano* and, thus, should not be considered.

A reading of the other cases cited by DDI as additional authority shows that in each case where *Grupo Mexicano* has been distinguished, there is a claim against specific assets as opposed to just a general claim for monetary damages as is the case here.

For example, in *CSC Holdings, Inc. v. Redisi,* 309 F. 3d 988 (7th Cir. 2002), there was a cause of action under the Federal Cable Communications Policy Act of 1984 seeking statutory damages of "any profits of the violator that are attributable to the violation…" *CSC Holdings, supra* at 994. The plaintiff cable company alleged that the defendant had sold thousands of decoders that descrambled cable signals to its customers that allowed cable programming for free of charge. The court held that "an asset freeze is thus proper to stop cable piracy that violates the Communications Act…Since the assets in question were the profits that Redisi made by unlawfully stealing Cablevision's services, the freeze was appropriate and may remain in place pending final disposition of the case". *CSC Holdings, supra* at 996 (citations omitted).

In *CSC Holdings* there was a specific claim of interest in the profits that were frozen pursuant to the remedy provided in the Communications Act. Here, DDI is not making any claim of interest to any specific assets of OAK LEAF.

DDI also relies on *In Re: Focus Media, Inc.,* 387 F. 3d 1077 (9th Cir. 2004) in support of the District Court's authority to enter a pre-judgment freeze of OAK LEAF's assets. In *In Re: Focus Media, Inc.*, there was a claim of interest in specific assets of the defendant that had allegedly been fraudulently conveyed. *In Re: Focus Media, Inc.* was a bankruptcy case and arose out of an adversary proceeding against the defendant, the sole shareholder of Focus Media, alleging that Focus Media had fraudulently transferred approximately $20 million to defendant prior to bankruptcy. The Complaint sought a remedy to set aside the fraudulent conveyance and impose a constructive trust on the $20 million that had been fraudulently conveyed. In distinguishing *Grupo Mexicano*, the court noted that the Supreme Court specifically excepted from its holding instances of fraudulent conveyance and bankruptcy, noting that the

relief sought for the fraudulent conveyance and imposition of a constructive trust was specifically targeted to the $20 million that had been fraudulently conveyed.  *In Re: Focus Media, supra* at 1084-85.

Again, DDI's request for imposition of a constructive trust is not targeted to any specific assets of OAK LEAF, but rather seeks to collect "anticipated damages".  In reality, DDI is seeking a prejudgment remedy to collect a monetary judgment that has not and may not ever be entered in this disputed case, precisely the remedy rejected in *Grupo Mexicano* and by FRCP 64.

### **CONCLUSION**

DDI's Counterclaim, where alleged as a breach of contract, unjust enrichment, promissory estoppel or constructive trust is in reality seeking a legal remedy of monetary damages and because there is no claim of lien or equitable interest in any of OAK LEAF OUTDOOR, INC.'s specific assets, the Motion for Preliminary Injunction should be dismissed or stricken.

Respectfully submitted,
OAK LEAF OUTDOORS, INC.
an Illinois corporation, Plaintiff,

CASSIDY & MUELLER,
Attorneys for Plaintiff,

By: s/ Timothy J. Cassidy
    Timothy J. Cassidy
    Cassidy & Mueller
    416 Main Street
    Suite 323
    Peoria, IL  61602
    Telephone:  (309) 676-0591
    Facsimile:  (309) 676-8036
    E-Mail:  tcassidy@cassidymueller.com

**Oak Leaf Outdoors, Inc. v. Double Dragon International, Inc.**
**USDC-CD Ill. No. 11-1175**

**CERTIFICATE OF SERVICE**

    I hereby certify that on August 3, 2011, I electronically filed the above pleading with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

        H. Patrick Morris - morrisp@jbltd.com
        David Fanning - fanningd@jbltd.com
        Barry M. Landy - bmlandy@rkmc.com
        Christopher W. Madel - cwmadel@rkmc.com

                Respectfully submitted,
                s/ Timothy J. Cassidy
                      Timothy J. Cassidy
                      Cassidy & Mueller
                      416 Main Street
                      Suite 323
                      Peoria, IL  61602
                      Telephone:  (309) 676-0591
                      Facsimile:  (309) 676-8036
                      E-Mail:  tcassidy@cassidymueller.com